(8 Misc. Rep. 516.)

## TOWNSEND v. AULD.

### (City Court of New York, General Term. May 18, 1894.)

1. PROTEST—WHEN NOT NECESSARY—INLAND BILL OF EXCHANGE.
    Protest of an inland bill of exchange is not necessary to charge an indorser, but proof of the necessary facts may be made by parol evidence.

2. SAME—NOTICE BY MAIL.
    Notice to an indorser of nonpayment may be given by mail where the indorser and sender of the notice reside at different post offices, and, if properly addressed and mailed, will charge the indorser, whether he has received it or not. Ehrlich, C. J., dissenting.

Appeal from trial term.

Action by William J. Townsend against Thomas Auld. From a judgment entered on a verdict directed by the court in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Theo. H. Friend, for appellant.

Louis F. Murray, for respondent.

VAN WYCK, J. The action is against defendant, as payee and first indorser of a promissory note dated New York, and payable at a bank in Tarrytown, which plaintiff took in renewal of a dishonored note for like amount by same maker, and upon which the defendant was third indorser. The complaint alleges due demand, nonpayment, protest, and notice of same; and the answer denies these allegations, and that plaintiff is the holder, while admitting the making of the note, and defendant's indorsement. The defendant did not at any time serve, as required by section 923 of the Code, an affidavit to the effect that defendant had not received such notice. At trial the notary public's certificate of protest was admitted in evidence against defendant's objection that it was not in proper form, in that it did not contain a statement that New York, the place to which the notice was mailed to defendant, was his usual or reputed place of residence. The certificate did not contain such statement, although it stated that such notice had been duly mailed to the first indorser, Thomas Auld (defendant), directed to New York, and every other fact permitted by section 923 to be so stated. The omission of such statement as to defendant's residence might have been fatal if the instrument had been a foreign bill of exchange, for such bills must be protested; but this note is an inland bill, executed, delivered, and made payable within this state, and as to such bills the rule is that due demand on maker, nonpayment, and due notice of same to the indorser is sufficient to charge him, without a formal or technical protest, and .

proof of any or all of the facts necessary to charge him can be made by parol evidence. This section of the Code says that the notary's certificate, in case of protest, and in the absence of the indorser's affidavit of nonreceipt, shall be presumptive evidence of certain facts therein named, provided they are certified, which means presumptive evidence of such facts as are so certified. This certificate contained a statement of every fact permitted by this section, except the one as to defendant's usual or reputed residence, hence was properly admitted in evidence to prove every fact necessary to charge the indorser, except as to whether the notice addressed to him at New York was mailed to him at his residence; and proof of this fact was properly supplied by his own testimony that before such mailing, at that time, and ever since, he has resided in New York. This certificate was only presumptive evidence of the other necessary facts, and defendant had the right to show by extrinsic evidence that there had been no such demand, nonpayment, protest, or such mailing of such notice, which, however, he did not even offer to do. Hence, upon the proof, there was nothing to go to the jury upon, and it became the court's duty to direct for plaintiff, as he did; and, moreover, the defendant did not request to go to the jury, but relied upon his two exceptions to the exclusion, on plaintiff's objection, of evidence offered by him, and which will be now discussed.

Appellant claims error, because the court would not allow him to say whether or not he had received the notice of protest, etc., which the certificate proved was duly mailed at Tarrytown, addressed to him at New York, which was his actual residence, as shown by his own testimony. This was not error, and to have allowed such proof of nonreceipt of notice, against plaintiff's objection, would have been reversible error, if the verdict had been for defendant. The rule of the law merchant has ever been that notic to an indorser, of demand and nonpayment, may be given through the post office, when such indorser and the sender reside at different post offices, and, if properly addressed and mailed, will charge the indorser, whether he ever receives it or not. How could a bona fide holder of a note ever protect his holding by finding proof to contradict an indorser's statement that he had never received the notice of demand and nonpayment sent by mail? The due mailing of such notice is, in itself, sufficient to charge an indorser. Judge Earle, in Gawtry v. Doane, 51 N. Y. 89, says that it may be proper to insert in the indorser's affidavit, permitted by the Code, the denial of his receipt of notice of protest, but it is not a proper denial to insert in his answer, and that "it is wholly immaterial whether the indorser has received the notice. The only material question is whether notice has been properly served, and the rights of the holder of a note are not affected if the notice does not reach the indorser." And so, too, it is said in Arnold v. Railroad Co., 5 Duer, 210, that "an answer denying that a notice of protest was received would deny an immaterial fact."

The defendant's other exception is to the exclusion of a paper signed by the maker, purporting to certify to this defendant that

NEW YORK SUPPLEMENT, vol. 28. [City Ct..

the note in suit was indorsed by him for the purpose of taking up another note, for like amount, by same maker, also indorsed by this defendant, and then held by this plaintiff under protest. There was not the slightest evidence that this plaintiff knew or ever heard of this paper, and it was properly excluded for that, if for no other reason, and so, too, because it was mere hearsay evidence, and the person signing it was not in court, or his absence explained; and, moreover, the very facts to which it purported to certify were fully proven by the best evidence—First, by defendant's exhibit 1, being plaintiff's letter acknowledging that the note in suit was given in renewal of the one mentioned in the properly rejected certificate; and, secondly, by defendant's exhibit 2, which is the very note itself, duly indorsed by the payee and this defendant, and so mentioned in such rejected certificate. The judgment and order are affirmed, with costs.

McCARTHY, J., concurs.

EHRLICH, C. J. (dissenting). The action is against the defendant, an indorser of a promissory note. The defense relied upon was want of service of notice of protest. The proof on the subject of notice consisted of—First, the certificate of the notary, certifying to the fact that the notice of protest was mailed to the defendant; second, the evidence of the plaintiff, proving that he mailed a copy of such notice to defendant. At the trial the defendant undertook to prove that he had never received any notice of the dishonor of the note, but the testimony was ruled out by the trial judge, under the defendant's exception. This was error. The certificate of the notary was merely presumptive evidence of the fact of service of notice (Code, § 923), and it was quite competent for the defendant to negative this presumption by proof that he had never received the notice. This would have created a question of fact, for the jury to determine,—whether the notice was, as a matter of fact, deposited in the post office or not. If the jury found that the deposit was actually made, it would be good service of the notice upon the defendant, whether he received it or not. For the error in excluding this evidence, the judgment must be reversed, and a new trial ordered, with costs to the appellant, to abide the event.